LINCOLN V. HORTON (SBN 165238)
HORTON VILLAGE LAW GROUP, APC
lhorton@hortonvillagelaw.com
16236 San Dieguito Road, Suite 5-24
P.O. Box 9181
Rancho Santa Fe, CA 92067
Telephone: 858.832.8685

Attorneys for Plaintiff ZURICH AMERICAN INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY,<br><br>   Plaintiff,<br><br>  v.<br><br>B C RENTALS, INC.; BC RENTALS, LLC; CARSON EQUIPMENT CORPORATION; CLEAR WATER SERVICES, INC.; and DOES 1 to 10, inclusive,<br><br>   Defendants. | Case No. 8:22-cv-00393<br><br>**COMPLAINT FOR DAMAGES** |

Plaintiff ZURICH AMERICAN INSURANCE COMPANY ("Plaintiff" or "Zurich") brings this action against Defendants B C RENTALS, INC., BC RENTALS, LLC, CARSON EQUIPMENT CORPORATION, CLEAR WATER SERVICES, INC. and DOES 1 to 10 (collectively "Defendants" or "BC Rentals"), and alleges as follows:

## THE PARTIES AND JURISDICTION

1. Plaintiff ZURICH AMERICAN INSURANCE COMPANY is a New York corporation engaged in the insurance business with a statutory home office located at One Liberty Plaza, 165 Broadway, 32nd Floor, New York, New York 10006, and its principal place of business located at 1299 Zurich Way, Schaumburg, Illinois

1

1  60196.  Zurich is authorized to transact business and has transacted business in California.

2.  Plaintiff is informed and believes and based on such information and belief alleges that Defendant B C Rentals, Inc. is a California corporation with its principal place of business located at 638 W. Southern Avenue, Orange, California 92865.  B C Rentals, Inc. is authorized to transact business and has transacted business in the County of Orange, California.

3.  Plaintiff is informed and believes and based on such information and belief alleges that Defendant BC Rentals, LLC is a California limited liability company with its principal place of business located at 638 W. Southern Avenue, Orange, California 92865.  BC Rentals, LLC is authorized to transact business and is transacting business in the County of Orange, California.

4.  Plaintiff is informed and believes and based on such information and belief alleges that Defendant Carson Equipment Corporation is a California corporation with its principal place of business located at 1762 N. Neville Street, Orange, CA 92865.  Carson Equipment Corporation is authorized to transact business and is transacting business in the County of Orange, California.

5.  Plaintiff is informed and believes and based on such information and belief alleges that Defendant Clear Water Services, Inc. is a California corporation with its principal place of business located at 638 W. Southern Avenue, Orange, California 92865.  Clear Water Services, Inc. is authorized to transact business and has transacted business in the County of Orange, California.

6.  The amount at issue in this case is over $75,000.00.

7.  This matter is subject to the Federal District Court's jurisdiction based on the diversity of the parties and the amount at issue pursuant to 28 U.S.C. § 1332.

8.   Defendants DOES 1 to 100, inclusive, are the fictitious names of those Defendants whose true names are unknown to Plaintiff, and whose true capacities, whether as individuals, corporations, partnerships, joint venturers and/or

associations, are also unknown to Plaintiff, and when such true names are ascertained, Plaintiff will amend this complaint by inserting said true names in the place of said fictitious names in accordance with the Federal Rules of Civil Procedure. Plaintiff is informed and believes and thereon alleges that, whenever and wherever in this complaint all Defendants are the subject of the charging allegations by Plaintiff, said Does are also responsible in some manner for the events and happenings and it shall be deemed that said Defendants, DOES 1 to 100, inclusive, and each of them, are likewise the subject of said charging allegations herein by Plaintiff.

9. At all times herein mentioned, Defendants, and each of them, were the agents, servants, and employees of each of the other Defendants herein, and at the same time and place of the events hereinafter described, were acting within the course and scope of said agency and employment with the permission and consent of the other Defendants and each of them. Defendants are, and each of them is, the alter ego of the other Defendants, and Defendants are essentially the extension of each other.

## GENERAL ALLEGATIONS

10. At Defendants' request, Business Automobile Insurance Policy No. BAP 0165834-02 was issued by Zurich to Defendants for the policy period January 1, 2019 to January 1, 2020 (the "Agreement").

11. Pursuant to the terms of the Agreement, the initial premium charged for the policy is a deposit based on estimated exposure, subject to adjustment based on an audit performed by Zurich to determine the actual exposure after the conclusion of the policy period.

12. An audit was conducted by Zurich to determine Defendants' actual exposure during the policy year.

13. On or about June 18, 2020, Zurich issued the audit results to Defendants and demand for payment of an additional premium of $214,086.80.

14. On January 31, 2021, having received no payment from Defendants, Zurich issued to Defendants a Statement of Account and reiterated demand for payment of $214,086.80, plus interest.

15. To date, Defendants have not paid to Zurich, in whole or in part, the additional premium owed after audit totaling $214,086.80.

16. As of the filing of the complaint, Defendants still owe Plaintiff $214,086.80 in insurance policy premium pursuant to the audit results and terms of the Agreement.

## FIRST CAUSE OF ACTION
### (Breach of Contract for Damages Against All Defendants)

17. Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 through 16 above, as though fully set forth herein.

18. At Defendants' request, Plaintiff issued the insurance policy set forth in the Agreement.

19. Plaintiff fulfilled its contractual obligations to Defendants by providing the insurance coverage set forth in the Agreement.

20. Per the Agreement, the initial premium is a deposit based on estimated exposure. The final premium is determined by audit after the completion of the policy term to true-up the actual exposure with the estimated exposure. If the actual exposure exceeds the estimated exposure, an additional premium is owed to Plaintiff.

21. Plaintiff performed an audit after the policy term ended.

22. On or about June 18, 2020, Plaintiff issued the audit results to Defendants and demand for payment of an additional premium of $214,086.80.

23. On January 31, 2021, having received no payment from Defendants, Plaintiff issued a Statement of Account and reiterated demand for payment of $214,086.80, plus interest.

24. Defendants have not paid Plaintiff, in whole or in part, the premium owed

4

after audit of $214,086.80.

25. Defendants materially breached the Agreement by failing to pay Plaintiff the additional premium owed after audit totaling $214,086.80.

26. Defendants continue to be in breach of the Agreement by failing to pay Plaintiff the additional premium owed after audit totaling $214,086.80.

27. Plaintiff did not waive or otherwise excuse Defendants from Defendants' obligations to pay Plaintiff the additional premium after audit totaling $214,086.80.

28. As a direct and proximate result of Defendants' continued breach of their obligations pursuant to the Agreement, Plaintiff has been damaged in the amount of $214,086.80 for the unpaid insurance policy premium, plus accruing interest.

29. Plaintiff seeks and is entitled to obtain a judgment for damages according to proof, plus daily prejudgment interest calculated at the California statutory rate of ten (10) percent per annum, costs of suit, and such other and further relief as the court deems proper.

WHEREFORE, Plaintiff prays for judgment in its favor and against Defendants as follows:

1. For damages according to proof at trial.
2. For an award of daily pre-judgment interest.
3. For costs of suit.
4. For such other and further relief as the court may deem proper.

Bench Trial requested by Plaintiff.

///
///
///
///

| | |
|---|---|
| DATED:  March 14, 2022 | HORTON VILLAGE LAW GROUP, APC |
| | By:  /s/ Lincoln V. Horton<br>       LINCOLN V. HORTON<br>Attorneys for Plaintiff ZURICH AMERICAN INSURANCE COMPANY |